

**JARROD L. SCHAEFFER**
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

February 10, 2025

**By ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Linda Sun, a/k/a "Wen Sun," "Ling Da Sun," and "Linda Hu," and Chris Hu*, S1 24 Cr. 346 (BMC) (TAM)

Your Honor:

      We represent Linda Sun in the above-referenced matter and write respectfully following the government's filing of the superseding indictment in this case. (*See* Dkt. 65 ("S-1").)

      As the Court is aware, Ms. Sun filed a motion to dismiss the prior indictment on November 4, 2024, which was fully briefed as of December 19, 2024. (*See* Dkts. 45, 46, 52, 57; *see also* Dkt. 4 ("Ind.").) As discussed below, the S-1 does not remedy the critical errors identified in the prior indictment or undermine the arguments in Ms. Sun's motion. She therefore renews her motion as to the S-1.[1] In light of the S-1's changes to Count Ten, however, Ms. Sun respectfully requests permission to file a supplemental letter within ten days addressing solely those changes.

**I.**    **The S-1's Factual Revisions Further Strengthen Ms. Sun's Dismissal Arguments**

      As it pertains to Ms. Sun, the S-1 is nearly identical to the prior indictment. It does not add or remove any counts alleged against Ms. Sun, nor does it alter most of the prior indictment's factual allegations. Where the S-1 did modify factual allegations, the new allegations reflect concessions that only reinforce Ms. Sun's arguments.

      The S-1 primarily made two changes to the prior indictment's factual allegations.[2] In the first sentence of paragraph 23, the S-1 made the following revision:

---

[1]    Alternatively, Ms. Sun can refile her motion as to the S-1 if the Court prefers.

[2]    The remaining changes primarily altered names and dates, including by shifting some alleged events by several years. (*Compare, e.g.*, S-1 ¶ 23(m), *with* Ind. ¶ 23(l).) While those raise questions about whether the grand jury received accurate information, they do not immediately affect Ms. Sun's legal arguments.

> Neither Politician-1 nor Politician-2 had a policy ~~or practice~~ regarding whether to formally recognize Taiwan; accordingly, neither office had a policy regarding whether to communicate or meet with Taiwanese representatives.

(S-1 ¶ 23.)  This modification means the S-1 no longer alleges that Ms. Sun's actions were inconsistent with practices of Politician-1, Politician-2, or their administrations.[3]  And that reinforces her argument that the government failed to explicitly allege all essential offense elements.  (*See* Dkts. 46 at 13–26; 57 at 5–15.)  Since the prior indictment (like the S-1) never alleged any actual orders, directives, or requests to Ms. Sun from anyone at the PRC consulate,[4] or that her purported actions were contrary to New York's interests or any national or state foreign policy, nothing sufficiently alleges that she acted pursuant to some foreign authority or obligation.  *See Att'y Gen. of United States v. Irish N. Aid Comm.* ("*INAC*"), 668 F.2d 159, 161–62 (2d Cir. 1982).  Certainly neither the S-1 nor the prior indictment does so explicitly, as is required.  *See United States v. Pirro*, 212 F.3d 86, 92–93 (2d Cir. 2000); *United States v. Foley*, 73 F.3d 484, 488 (2d Cir. 1996); *United States v. Thompson*, 141 F. Supp. 3d 188, 194 (E.D.N.Y. 2015), *aff'd*, 896 F.3d 155 (2d Cir. 2018).  The S-1's modification to paragraph 23 thus adds even greater force to Ms. Sun's arguments for dismissal.

The second factual modification in the S-1 is the addition of paragraph 23(c), which now states as follows:

> In or about January 2019, Politician-1's chief of staff circulated an email listing representatives of several organizations, including two TECO representatives, and asking for any "flags."  The email was forwarded to the defendant LINDA SUN, who flagged the TECO representatives as "[n]ot friends of us."  When asked if they would disrupt the event at issue, SUN responded, "It's more a political issue because it's a China vs. Taiwan thing.  If they come, they are likely to send out a political statement saying that [Politician-1] invited them hence giving the Taiwanese government recognition."

(S-1 ¶ 23(c).)  This addition further underscores the grave constitutional problems caused by targeting routine political advice with FARA like the government does here.  (*See* Dkts. 46 at 30–38; 57 at 15–19.)  Paragraph 23(c) merely reflects political and policy advice mindful of official United States policy, which is not to recognize Taiwan.  (*See* Ind. ¶ 22; S-1 ¶ 22; *see also* Dkt. 46 at 8–9.)  It thus highlights how the S-1 seeks to criminalize political advice by a political appointee regarding a foreign policy matter—all without ever explicitly alleging that Ms. Sun acted pursuant to some foreign authority or obligation in giving advice, or even identifying any foreign orders, directives, or requests shaping that advice.  The addition of paragraph 23(c) thus further supports Ms. Sun's arguments for dismissal.

---

[3]   This concession is admirable but unsurprising, as Ms. Sun already showed that the prior allegations were inconsistent with past practices of the Executive Chamber.  (*See* Dkt. 46 at 8–9 & n.6.)  As the S-1 now acknowledges, the prior indictment was simply incorrect.

[4]   For the sake of brevity, this letter uses the same abbreviations as Ms. Sun's prior briefing.

## II. Limited Supplemental Briefing is Warranted Regarding Count Ten

In addition to the prior indictment's factual allegations, the S-1 also changed the statutory allegations set forth in Count Ten. Specifically, it added two new SUAs to a money laundering conspiracy: violations of FARA and New York Penal Law § 200.00. (S-1 ¶ 124.) These modifications fail to supply any of the essential particularity missing from the prior indictment, but they do raise additional legal issues pertinent to Ms. Sun's motion. Accordingly, Ms. Sun respectfully requests ten days in which to file a supplemental letter focused solely on those issues.[5]

\*\*\*

For the foregoing reasons, Ms. Sun renews her motion with respect to the S-1 and respectfully requests permission to provide a supplemental letter addressing the legal issues newly raised by the government's revised allegations in Count Ten.

We thank the Court for its consideration of this request.

Respectfully submitted,

*Jarrod L. Schaeffer*

Jarrod L. Schaeffer

ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7339
jschaeffer@aellaw.com

*Counsel for Linda Sun*

cc: Counsel of Record (via ECF)

---

[5] To the extent the government seeks to offer new or different arguments based on the S-1, Ms. Sun respectfully requests leave to respond to those arguments through further briefing.