# BRACEWELL

August 5, 2025

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Linda Sun and Chris Hu*, S2 24 Cr. 346 (BMC)

Dear Judge Cogan:

On behalf of defendant Chris Hu, we write to join in co-defendant Linda Sun's motion to dismiss the Second Superseding Indictment (the "S-2") as to Counts Eight through Eleven and Fourteen against Mr. Hu.  *See* ECF No. 144.

We independently seek dismissal of Count Nine as to Mr. Hu, alleging a substantive honest services wire fraud violation, in light of *Percoco v. United States*, 598 U.S. 319 (2023).  There, the Supreme Court addressed the question of "whether a private citizen with influence over government decision-making can be convicted of wire fraud on the theory that he or she deprived the public of its 'intangible right of honest services.'"  598 U.S. at 322 (quoting 18 U.S.C. §§ 1343, 1346).  In answering this question, the Court determined that the honest services wire fraud statue does *not* extend to private citizens such as Mr. Hu.

Specifically, the *Percoco* Court cautioned against finding that "a private person with no agency-based fiduciary duty to the public can[] deprive the public of honest services for actions taken while they are a private citizen."  *United States v. Sulla*, 22 Cr. 58 (JAO), 2023 WL 8789690, at *6 (D. Haw. Nov. 28, 2023) (citing *Percoco*, 598 U.S. at 329–30); *see Percoco*, 598 U.S. at 598 at 330 ("'The intangible right of honest services' codified in § 1346 plainly does not extend a duty to the public to *all* private persons[.]" (alterations omitted)); *Johnson v. United States*, No. 24-1221, 2025 WL 1966390, at *8 (2d Cir. July 17, 2025) ("[T]he Supreme Court made clear that in the absence of . . . a formal public position[,] . . . a fiduciary relationship should not be lightly implied from vague principles.").  Such a fiduciary duty exists for those "individuals who are 'delegated authority to act on behalf' of a public official and to perform government duties."  *Percoco*, 598 U.S. at 330 (citation omitted).

**Mr. Seth D. DuCharme**
Partner

T:+1.212.508.6165         F: +1.800.404.3970
31 W. 52nd Street, Suite 1900, New York,New York 10019-6118
seth.ducharme@bracewell.com         bracewell.com

AUSTIN   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   PARIS   SAN ANTONIO   SEATTLE   WASHINGTON, DC

# BRACEWELL

August 5, 2025
Page 2

      The government has never alleged—nor can it—that Mr. Hu, a private citizen, has been "'delegated authority to act on behalf' of a public official and to perform government duties," *viz.*, that he has a fiduciary duty to the public. Accordingly, under *Percoco*'s dictates, Mr. Hu cannot be convicted of substantive honest services wire fraud, and Count Nine as alleged against him should be dismissed.

***

      Mr. Hu respectfully requests dismissal of Counts Eight through Eleven and Fourteen of the S-2 for the reasons set forth in Ms. Sun's motion, and further seeks dismissal of Count Nine for the reasons stated above.

Respectfully,

*/s/ Seth D. DuCharme*

Seth D. DuCharme

cc: Counsel of Record (via ECF)