UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
  UNITED STATES OF AMERICA,          :
              :
           Plaintiff,     :
              :   **MEMORANDUM DECISION AND**
     - against -       :   **ORDER**
              :
  LINDA SUN,            :   24-cr-346 (BMC)
      also known as "Wen Sun," "Ling Da   :
      Sun," and "Linda Hu," and CHRIS HU,   :
              :
          Defendants.   :
-------------------------------------------------------- X

**COGAN**, District Judge.

      This case is before the Court on defendants' motion to quash a grand jury subpoena

issued by the Government to DocuSign Inc. (the "DocuSign Subpoena"). In addition to their

request that the DocuSign Subpoena be quashed, defendants included in their motion an

alternative request for relief: if the subpoenaed records had already been turned over, they

requested that the Government be precluded from introducing these records at trial. The

Government has now represented that DocuSign produced the subpoenaed records before

defendants filed their motion to quash, so this Court considers defendants' request for preclusion.

      Familiarity with the facts of this case is presumed. In brief, the Government alleges that

defendant Linda Sun acted as an undisclosed agent for China, that both defendants defrauded the

New York State government by facilitating contracts between the New York State government

and two companies with which they had connections and from which they received profits and

kickbacks, and that defendant Chris Hu laundered these proceeds and did not report them to the

IRS.

**BACKGROUND**

The Government issued the DocuSign Subpoena to DocuSign on June 9, 2025.  The subpoena imposed a return date of June 27, 2025.  Two days before this return date, on June 25, the Government obtained and filed a second superseding indictment against defendants.  DocuSign did not produce records in response to the DocuSign Subpoena until July 9, 2025.

Defendants argue that, when the grand jury investigation closed with the returning of an indictment on June 25, 2025, the DocuSign Subpoena became unenforceable, and the records received after June 25 were improperly obtained because the Government no longer had the power to compel production of records through the DocuSign Subpoena.  Defendants urge that it was improper that between June 25 and July 9, "the government maintained the fiction that the [DocuSign] Subpoena still carried the coercive power of the grand jury – and thereby induced DocuSign to produce records."

**DISCUSSION**

Every grand jury investigation "terminates with the grand jury that undertakes it."  In re Grand Jury Proceeding, 971 F.3d 40, 50 (2d Cir. 2020) (quoting Loubriel v. United States, 9 F.2d 807, 809 (2d Cir. 1926) (cleaned up)).  "On that basis, a subpoena, which is merely an investigative tool, also terminates with the investigating grand jury that issued it." Id.  "More to the point, the *duty* imposed by a subpoena to produce documents to, or to testify before, a specific grand jury ceases once that grand jury's term expires." Id. (citing Loubriel, 9 F.2d at 809).  Thus, even if a subpoena is properly issued while the grand jury is impaneled, the subpoena becomes void and may not be enforced once the grand jury investigation terminates.  See United States v. Frankel, No. 22-cr-180, 2023 WL 7091917, at *4 (E.D.N.Y. Oct. 26, 2023) (granting the defendant's motion to quash a subpoena issued in connection with a grand jury whose term had expired).

The wrinkle here is that DocuSign has already complied with a subpoena that the Government had no authority to enforce. The Government urges that there is no need for preclusion of the records it has already received because there was no impropriety, considering that "the DocuSign Subpoena was issued while the grand jury was convened," and because it "could obtain the same documents with a trial subpoena, so any supposed error . . . would be harmless." But the original validity of the DocuSign Subpoena and the Government's ability to obtain the same records through a different method do not entitle the Government to keep the records produced pursuant to a void grand jury subpoena.

"Documents subpoenaed during a grand jury investigation remain the property of the person or entity producing them. . . . Inspections of those documents by persons or entities other than the grand jury or prosecuting attorneys require either the consent of the owner or a court order." United States v. Manko, No. 89-cr-91, 1997 WL 107440, at *4 (S.D.N.Y. March 11, 1997) (citing In re Grand Jury Investigation, 59 F.3d 17, 19 (2d Cir. 1995); U.S. v. Interstate Dress Carriers, Inc., 280 F.2d 52, 54 (2d Cir. 1960)). In other words, the records produced pursuant to the DocuSign Subpoena should have only ever been shown to the grand jury and the prosecuting attorneys. Then, they should have been returned to DocuSign. The Government has no authority, without DocuSign's consent or an order from the Court, to treat the records produced pursuant to the DocuSign Subpoena as material produced in regular discovery, rather than records that may only be shown to the grand jury and then returned to DocuSign.

If DocuSign had produced records before the grand jury investigation concluded, while the DocuSign Subpoena was still in effect, such records would have then been returned to DocuSign. It would make no sense that, because DocuSign produced records after the DocuSign Subpoena became void, the Government would be entitled to broader use of such documents.

3

Although the Court agrees that the Government can probably obtain the same exact records through a trial subpoena, that does not entitle the Government to keep the records produced pursuant to a grand jury subpoena, much less a void one.  See Frankel, 2023 WL 7091917, at *4 (after quashing an expired grand jury subpoena, recognizing that the Government could issue a trial subpoena to obtain the same information).  Even though this approach "may result in more paperwork for the government," as the Second Circuit explained in requiring the Government to issue new grand jury subpoenas each time a grand jury term expires, there is "no great administrative difficulty in requiring, as a precondition to the use of coercive contempt power, the issuance of a new subpoena."  In re Grand Jury Proceeding, 971 F.3d at 52.

The Court rejects defendants' contention that DocuSign's production of records pursuant to a void subpoena means that the Government may not attempt to collect the same information by valid methods.  As defendants acknowledge, there is no evidence that the DocuSign Subpoena was issued for an improper purpose at the time it was issued.  This is not a situation in which the Government so blatantly used a grand jury subpoena for trial preparation that it is appropriate to completely bar "use at trial of evidence obtained pursuant to the subpoena."  In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels), 767 F.2d 26, 30 (2d Cir. 1985) (quashing a subpoena but not "barring use at trial of" any evidence that would have been obtained pursuant to the subpoena where the Government issued a grand jury subpoena to obtain information it had been unable to obtain through a previously issued trial subpoena). There is no impropriety in the Government's conduct.[1]

---

[1] Defendants imply, but do not expressly argue, that the Government had a duty to notify all recipients of subpoenas issued during the grand jury proceedings that the subpoenas had become void once the grand jury was discharged and thus they had no further obligation to comply.  Defendants cite no authority for that proposition and the Court is not aware of any.

## CONCLUSION

For the foregoing reasons, defendants' motion to preclude the records produced pursuant to the DocuSign Subpoena is granted.  However, the Government is not prevented from seeking the same information through alternative methods.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       August 14, 2025