

**JARROD L. SCHAEFFER**
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

September 9, 2025

**By ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Linda Sun, a/k/a "Wen Sun," "Ling Da Sun," and "Linda Hu," and Chris Hu*, S3 24 Cr. 346 (BMC) (TAM)

Your Honor:

      We represent Linda Sun in the above-referenced matter and, on behalf of both defendants, respectfully submit this brief supplement regarding the proposed jury questionnaire submitted this evening. (*See* Dkt. 162.) To the extent it may assist the Court with its review and consideration of the parties' proposals, the defense briefly outlines below its reasoning with respect to the disputed questions:

| PROPOSAL | JUSTIFICATION / RESPONSE |
|---|---|
| 8. Have you ever traveled outside the United States?<br><br>   a. If so, where and when? | A number of the S-3's allegations pertain to foreign travel and interactions with foreign nationals, and the government's anticipated expert witness intends to testify, in part, about the PRC and its provinces. This question aims to ascertain whether any prospective jurors have traveled to places relevant to the government's allegations or have had personal interactions with individuals in relevant countries. |
| 21. Are you a citizen of the United States?<br><br>22. Are you a citizen of any other country?<br><br>   a. If so, which? | A number of the S-3's allegations pertain to foreign nationals and touch upon the fact that Ms. Sun is a naturalized citizen with family, friends, or other connections abroad. These questions aim to ascertain whether any prospective jurors have personal knowledge or experiences that may be |

| | |
|---|---|
| 23. Are you an immigrant or a first-generation American citizen? | relevant to their consideration of the facts from the perspective of immigrants.<br><br>Additionally, given recent enforcement activity by the federal government—including within and around courthouses—these questions may be necessary to ascertain whether any jurors may become suddenly unavailable for service as members of the jury. |
| 24. Do you have any opinions or beliefs about how an immigrant or first-generation American citizen should conduct themselves with respect to their country of origin?<br><br>25. Do you have any preconceived notions about how an immigrant or first-generation American citizen should assimilate in the United States? | These questions aim to ascertain important background information that may be relevant to jurors' consideration of the facts in light of Ms. Sun's status as a naturalized citizen. Such questions are also appropriate given that the government's theories and arguments have suggested—and may further suggest at trial, including through its proposed expert testimony—that Ms. Sun's Chinese heritage is relevant to jurors' determinations. |
| 28. Have you or an immediate family member ever served in the military (including the reserves, National Guard, or ROTC)?<br><br>    a. If yes, please indicate who and the branch of service, highest rank, dates of service, foreign stations or tours, type of discharge, duties and any special training or honors received. | These questions aim to ascertain important background information that may be relevant to jurors' consideration of the facts in light of prior government service. Such questions are particularly important in this case where the government has brought charges that traditionally have implicated national security concerns. |
| 37. Do you have any strong opinions about foreign countries spending money to influence the outcome of elections or to seek political favors from elected officials? | This question asks whether potential jurors have strong opinions on an often controversial matter that relates directly to allegations in the S-3 and is likely to be central to the government's arguments at trial. Jurors whose decisions could be impacted by such considerations should be eliminated from the venire. |
| 44. Do you have any opinions or views regarding the Uyghur people or their relationship with the PRC that would affect your ability to be fair and impartial in this case?<br><br>    a. If so, please explain. | These questions ask whether potential jurors have strong opinions regarding, or experience dealing with, controversial matters that relate directly to allegations in the S-3 and are likely to be central to the government's arguments at trial. Potential jurors whose decisions could be impacted by such considerations should be eliminated from the venire. These questions also mirror similar |

| | |
|---|---|
| 45.     Have you or anyone you know ever participated, in any way, with any organizations that work on issues related to the Uyghur people? | inquiries regarding the PRC and Taiwan, which the government agrees are appropriate. |
| 47.     In many ways, the current relationship between the United States and the PRC is marked by tensions and disagreements on a range of issues.  Such issues can play no role in your consideration as a juror.  Under those circumstances, do you think that you could be impartial and render a determination based solely on evidence presented in this case and without regard to the relationship between the United States and the PRC? | This question asks whether potential jurors have strong views regarding the PRC or its relationship with the United States, which is currently fraught and a matter of great public concern.  The risk that such considerations might infect the jury's deliberations—particularly given forceful public statements by officials in the executive branch—are clear and serious.  Potential jurors should be eliminated from the venire if their decisions could be affected by such considerations. |
| 49.     Do you have any personal or professional connections to individuals or organizations based in the PRC?<br><br>50.     Have you ever visited the PRC? | A number of the S-3's allegations pertain to travel in the PRC and connections with individuals and entities in the PRC.  These questions aim to ascertain important background information that may be relevant to jurors' consideration of the facts in light of their own personal experiences with such matters. |
| 51.     Do you have any opinions or views about individuals accused of crimes related to national security? | This question asks whether potential jurors have opinions or views regarding particular kinds of crimes, which is important in this case where the government has brought charges that traditionally have implicated national security concerns.  Potential jurors who have preconceived notions about defendants charged with such crimes should be eliminated from the venire. |
| 53.     Information during this trial may concern certain political figures in New York.  Do you have any opinions or views regarding politicians that would prevent you from being impartial and rendering a determination based solely on evidence presented in this case?<br><br>          a.     If so, please describe.<br><br>54.     Do you have any opinions or views about Andrew Cuomo or people who may have worked in his administration? | A number of the S-3's allegations pertain to conduct supposedly occurring during the administrations of two high profile politicians.  Because the government secured an adjournment of the prior trial date, this trial will now occur during an election when one or both of those politicians is running for elected office; potential jurors may have formed views of those politicians—or people previously affiliated with them, like Ms. Sun—based on outside information that would infect deliberations.  Alternatively, potential jurors may themselves have some connection to such politicians or individuals in their administrations who are |

| | |
|---|---|
| 55.     Do you have any opinions or views about Kathy Hochul or people who may have worked in her administration? | relevant to this case (and may even be witnesses at trial). |
| 56.     Have you ever run for or held a political office? | This question aims to ascertain important background information that may be relevant to jurors' consideration of the facts in light of prior political experience.  A number of the S-3's allegations pertain to political advice and conduct, and the reasons for such advice and conduct are likely to be central at the trial.  Additionally, prior political experience may be indicative of whether potential jurors are personally familiar with relevant people, issues, or matters. |
| 58.     Have you ever worked or volunteered for a political campaign?<br><br>         a.     If so, which one(s)?<br><br>59.     Do you have an opinion about members of a particular political party, the government, or about elected officials in general, that might affect your ability to be a fair and impartial juror in this case? | A number of the S-3's allegations pertain to conduct supposedly occurring during the administrations of two high profile politicians. Particularly because this trial will occur during an election when one or both of those politicians is running for elected office, potential jurors may have formed views of those politicians—or people previously affiliated with them, like Ms. Sun—based on outside information that would infect deliberations.  Alternatively, potential jurors may themselves have some connection to politicians or individuals in their administrations who are relevant to this case (and may even be witnesses at trial). |
| 60.     Is there anything about the nature of this case, including the fact that it involves accusations of bribery and corruption by an elected official and others, that would make it difficult for you to be a fair and impartial juror? | This question asks whether potential jurors have opinions or views regarding particular kinds of crimes, which is important in this case where the government has brought charges that are often—and have been here, including by the government—sensationalized in the media. |
| 67.     Do you have, or have you ever had, a close friend or family member in prison?  If so, please explain. | The defense opposes the inclusion of this question, because it is unnecessary, unrelated to any legitimate reason to eliminate potential jurors, and needlessly invasive of potential jurors' privacy. |
| 69.     Do you believe that if the federal government spends significant resources and | This question aims to identify jurors who may struggle to apply the presumption of innocence— |

| | |
|---|---|
| time prosecuting someone, that person is probably guilty? | a fundamental principle of law that is indispensable to any fair trial. Potential jurors should be eliminated from the venire if their decisions could be affected by assumptions about the government's efforts. |
| 76. Have you or any immediate family member ever participated in any group that lobbies or takes public positions on social, political, or legal issues?<br><br>a. If so, what group(s) or issue(s)?<br><br>b. Would anything about that experience impact your ability to fairly and impartially evaluate the evidence in this case? | This question aims to ascertain important background information that may be relevant to jurors' consideration of the facts in light of their prior experiences. Such experiences may be indicative of whether potential jurors are personally familiar with people, issues, or matters relevant to this case. |
| 77. Would you have any problem following the instruction that an indictment is only an accusation, and the fact that an individual has been indicted does not mean that he or she is guilty of anything?<br><br>78. Can you accept that the defendants are presumed to be innocent of any and all crimes throughout the course of this trial?<br><br>79. The burden of proving guilt rests entirely with the government and no defendant ever has any obligation to prove his or her innocence. Regardless of what the law says, however, do you think that a defendant should have to or would want to prove his or her innocence? | These questions aim to identify jurors who may struggle to apply fundamental legal principles that are essential to any fair trial and to protect the defendants' constitutional rights. Potential jurors should be eliminated from the venire if they would have difficulty being faithful to such principles. |
| 80. Under the law, a defendant is never required to testify or offer any evidence on his or her behalf. And if a defendant does not, the jury is not permitted to consider that fact in any way in reaching a decision as to whether a defendant is guilty or not guilty.<br><br>a. Will you accept and apply these rules of law?<br><br>b. Regardless of what the law says, do you think that if someone is accused of a crime and | These questions aim to identify jurors who may harbor assumptions contrary to fundamental legal principles necessary to ensure a fair trial. Potential jurors should be eliminated from the venire if they have such assumptions. |

| | |
|---|---|
| they are innocent that they should testify in their own defense?<br><br>c.    Would you hold it against them if they do not testify? | |
| 81.    Have you seen or heard about any press releases related to this case? | This question aims to identify jurors who may have been exposed to prejudicial outside information about this case—in particular, inappropriate and improper information promulgated by the government.  Indeed, this Court has already stated clearly that, "No one who is going to be approved to sit on this jury is going to know of th[e] [government's] press release or the details of any media report on it." (Dkt. 131 at 5.)  In order to ascertain whether potential jurors have seen a press release, they must be asked about it. |
| 82.    Have you seen or heard any media coverage of this case?<br><br>    a.    Please describe any opinions or views that you may have formed based on any media coverage that you have seen or heard.<br><br>    b.    Do you believe those opinions or views would affect your ability to be impartial? | The defense opposes this additional question because the Court has already said that "[n]o one who is going to be approved to sit on this jury is going *to know* of th[e] [government's] press release or the details of any media report on it." (Dkt. 131 at 5 (emphasis added).)  Exposure—not a belief regarding ultimate impartiality—is the appropriate touchstone, because potential jurors may be particularly unaware of how skewed press releases or media reports have affected their assumptions or beliefs.  The government's proposed question is therefore unhelpful, unnecessary, and likely to generate false positive responses on an especially questionable subject. |
| 86.    At the conclusion of the case the Court will charge you on the law and explain to you the elements of the crimes charged in the indictment. Do you have personal, religious, philosophical or other beliefs as to what the law is or should be that would make it difficult for you to follow the instructions of the Court or that would make it difficult for you to sit in judgment of another?  If so, please explain. | The defense opposes the inclusion of this question, because it is unnecessary given Question 88 ("Do you know of any reason whatsoever why you could not, or should not, serve as a juror in this case?"); needlessly invasive of potential jurors' "personal, religious, philosophical or other beliefs"; and prejudicial to the defendants in that it frames jury service as "sit[ting] in judgment of another" rather than finding facts based on evidence. |
| 87.    Under the law, the facts are for the jury to determine and the law is for the judge to | The defense opposes the inclusion of this question, because it is unnecessary and likely |

| | |
|---|---|
| determine. You are required to accept the law as the judge explains it to you, even if you do not like the law or disagree with it, and you must determine the facts according to those instructions. Will you accept and apply this rule of law? | duplicative of routine questioning that the Court will pose to any potential jurors selected for the venire. |
| 89.  The Court and parties estimate that after a jury is selected, this case will last no longer than three weeks, with the Court sitting Monday through Thursday, starting no sooner than November 3, 2025. Is there anything about service on this jury that would cause you undue hardship? | The defense opposes the inclusion of this question, because it may not be accurate. The government previously estimated approximately four weeks for trial *before* superseding to add multiple additional charges predicated on new and unrelated legal theories. Suggesting that "th[e] case will last no longer than three weeks" may mislead potential jurors and—purely because any defense case goes last—invite jurors to blame the defense if the case does, in fact, go longer than three weeks. |

We thank the Court for its consideration of this letter and are available to provide any additional information that may be helpful.

Respectfully submitted,

*Jarrod L. Schaeffer*

Jarrod L. Schaeffer

ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7339
jschaeffer@aellaw.com

*Counsel for Linda Sun*

cc:     Counsel of Record (via ECF)