```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  UNITED STATES OF AMERICA,              :
                                         :
                         Plaintiff,      :    MEMORANDUM DECISION AND
                                         :    ORDER
              - against -                :
                                         :    24-cr-346 (BMC)
  LINDA SUN,                             :
     also known as "Wen Sun," "Ling Da   :
     Sun," and "Linda Hu," and           :
  CHRIS HU,                              :
                                         :
                         Defendants.     :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Defendant Linda Sun stands charged with conspiracy to violate the Foreign Agents Registration Act ("FARA"), failure to register under FARA, visa fraud, and alien smuggling. She is also charged, along with her husband, defendant Chris Hu, with honest services wire fraud, conspiracy to commit honest services wire fraud, federal program bribery, conspiracy to commit offenses against the United States, and money laundering conspiracy. Hu is additionally charged with conspiracy to commit bank fraud, misuse of means of identification, money laundering, and tax evasion. As the basis for these charges, the Government alleges that Sun acted as an undisclosed agent for China, that both defendants defrauded the New York State government by facilitating contracts between it and two companies with which they had connections and from which they received profits and kickbacks, and that Hu laundered these proceeds and did not report them to the IRS.

The Government moved *ex parte* for a protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Federal Rule of Criminal Procedure 16(d)(1), seeking to withhold certain classified materials from discovery. This Court granted the

Government's motion on August 26, 2025, subject to the Government's disclosure of certain classified information to defense counsel with the requisite security clearance, which the Government has now provided. This Memorandum Decision and Order explains the Court's reasoning for its decision.

## LEGAL STANDARD

Section 4 of CIPA provides that district courts may "authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C.App. 3 § 4. If the Government seeks to withhold materials that, but for their classified nature, would be discoverable, the Court must determine whether the materials are entitled to the state-secrets privilege. The state-secrets privilege applies where "(1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008) (quoting United States v. Reynolds, 345 U.S. 1, 8, 10 (1953)) (cleaned up).

To overcome the state-secrets privilege, the classified information must be "helpful or material to the defense, i.e., useful 'to counter the government's case or to bolster a defense.'" Id. (quoting United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993)). "Where the classified materials at issue contain matter that is helpful or material to the defense, the government's privilege must 'give way' to a 'defendant's right to present a meaningful defense.'" United States v. Shehadeh, 857 F. Supp. 2d 290, 293 (E.D.N.Y. 2012) (quoting United States v. Abu-Jihaad, 630 F.3d 102, 141 (2d Cir. 2010)). "A court, however, may permit

the government to produce that information in a form that will preserve its sensitivity (*e.g.,* redacted, summaries, factual stipulations)." Id. (citations omitted).

## DISCUSSION

The Court followed the below procedures to reach its decision to grant the Government's motion for a protective order pursuant to CIPA Section 4 and the Federal Rules of Criminal Procedure, subject to the Government's disclosure of certain classified information.

After the Government filed its motion for a protective order pursuant to CIPA Section 4 and the Federal Rules of Criminal Procedure, the Court held an *ex parte* meeting with defense counsel for both defendants to gain an understanding of defendants' defense strategy and theories of the case, ensuring that the Court could conduct an informed and thorough review for any information that could be helpful or material to the defense. The Court then reviewed the materials the Government submitted in support of its motion to withhold certain classified materials from discovery, including its memorandum of law, declarations from heads of departments about the classified and national security-related nature of the materials, and several examples of the materials the Government sought to exclude from discovery.

Based on the Government's submissions and the Court's *ex parte* discussion with defense counsel, the Court found that many of the materials identified for deletion were not discoverable and were neither material nor helpful to the defense, and thus were properly withheld from discovery. Although the Court's discussion of classified materials is "necessarily circumspect," Abu-Jihaad, 630 F.3d at 131, the undiscoverable materials consisted of information that was either completely irrelevant to the case or inculpatory of defendants. As to the remaining materials, the department heads' declarations properly lodged the state-secrets privilege because they "satisfactorily identif[ied] specific facts that (a) render[ed] the materials here at issue

classified and (b) support[ed] the conclusion that disclosure of those materials would pose a risk to national security." Id. at 141 (footnote omitted).

The Court held an *ex parte* meeting with the Government to discuss the materials that the Court found were relevant and helpful to the defense. The Court instructed the Government to prepare substitutions of these materials to provide to defense counsel, and ordered the Government to produce additional materials that the Government sought to withhold for the Court's *in camera* review.

After the Government provided these additional materials for the Court's review, the Court again met with the Government *ex parte* to discuss which materials were relevant and material to defendants' defenses. According to the Court's instructions, the Government prepared substitutions of all relevant and material information contained in the classified materials the Government sought to withhold. The Court ordered that the Government add additional information to its proposed substitutions and approved the production of the substitutions, with the Court's additions, to cleared defense counsel. The Court then granted the Government's motion for a protective order, subject to the Government's production of the approved substitutions to cleared defense counsel, allowing the Government to withhold from production all other classified materials identified in the Government's motion.

The Government has now delivered the approved substitutions to the Classified Information Security Officer, who will ensure their production to cleared defense counsel. Accordingly, the Court finds that cleared defense counsel will receive all information that is relevant and material to defendants' defenses contained in the classified information the Government has sought to withhold, and the Government's motion for a protective order to withhold from discovery all other classified information identified in its motion is granted.

## CONCLUSION

In accordance with the Court's August 26, 2025 text order granting the Government's motion for a protective order, the Government is authorized to withhold the classified materials identified in its motion, other than those materials already produced. It is further ordered that the Government's submissions in support of its motion shall remain sealed and in the custody of the Classified Information Security Officer, to be made available to an appellate court in case of an appeal. Defendants' CIPA Section 5 notices, if any, shall be due within twenty days of this Order.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       September 24, 2025