

JARROD L. SCHAEFFER
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

October 17, 2025

**By ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Linda Sun, a/k/a "Wen Sun," "Ling Da Sun," and "Linda Hu," and Chris Hu*, S4 24 Cr. 346 (BMC) (TAM)

Your Honor:

      We represent Linda Sun in the above-referenced matter and respectfully submit this letter pursuant to the Court's Order dated October 14, 2025.

      Depending on the arguments and evidence admitted at trial, Ms. Sun may seek to assert one or more of the following defenses: (*i*) prosecution of the alleged conduct is barred in whole or in part by the applicable statute of limitations; and (*ii*) the alleged conduct is exempt from registration under the Foreign Agents Registration Act ("FARA") as activity not serving predominantly a foreign interest, *see* 22 U.S.C. § 613(d)(2).[1]

      Ms. Sun respectfully submits that a § 613(d)(2) defense is not inconsistent with other defenses to FARA, including with respect to agency. In order to establish foreign agency, the government is required to prove beyond a reasonable doubt that Ms. Sun "act[ed] . . . at the order, request, or under the direction or control, of a foreign principal" by "engag[ing] within the United States in political activities for or in the interests of such foreign principal." 22 U.S.C. §§ 611(c)(1), (c)(1)(i). As relevant here, § 613(d)(2) provides that FARA's registration requirements "shall not apply to . . . agents of foreign principals . . . engaging or agreeing to engage only . . . in other activities not serving predominantly a foreign interest." *Id.* §§ 613, 613(d)(2). It is not inconsistent for Ms. Sun to argue first that she is not a foreign agent and, in the alternative, that even if the jury disagrees, her alleged activities also were exempted from registration under the § 613(d)(2) exception. Such arguments address different factual determinations—*i.e.* agency or control, on the one hand, and the nature of particular conduct on the other. In all events, the

---

[1]     Ms. Sun affirmatively discloses this potential defense as it was specifically referenced in the Court's disclosure order. However, she respectfully reserves the argument that 22 U.S.C. § 613(d)(2) is not an affirmative defense.

government is incorrect when it asserts—unsupported by any legal authority—that requesting an instruction on a § 613(d)(2) defense requires Ms. Sun to "concede agency." (Dkt. 199 at 1.)

For the avoidance of doubt, Ms. Sun expressly reserves her rights with respect to all other defenses and arguments. By complying with the Court's Order to provide notice of any affirmative or inconsistent defenses, Ms. Sun does not waive or relinquish any right, privilege, or ability to defend this case in any manner or on any other ground.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Jarrod L. Schaeffer*

Jarrod L. Schaeffer

ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7339
jschaeffer@aellaw.com

cc: Counsel of Record (via ECF)