

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM:AAS/RMP/ADR/AS  
F. #2021R00600

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 29, 2025

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Linda Sun, et al.
                Criminal Docket No. 24-346 (S-4) (BMC)

Dear Judge Cogan:

      The government respectfully submits this supplemental motion *in limine* to cross-examine defendant Chris Hu, if he testifies, about the contents of a January 2017 decision by a New York State administrative law judge finding that Hu willfully made false representations in order to obtain unemployment benefits from the New York State Department of Labor ("DOL") and subsequently lied about his conduct in an administrative hearing.

    **I.**    **Background**

      In March 2016, Hu filed for unemployment insurance benefits with the DOL. Like all applicants, Hu was informed at that time that recipients traveling for vacation or personal reasons could not claim and receive unemployment benefits for the time that they were away, and could not certify for benefits from outside the United States. Hu was also informed that providing his certification PIN to others so that they could certify for him while he was abroad was prohibited and could lead to severe penalties, including criminal prosecution.

      Nevertheless, on or about September 5, 2016, while in Hong Kong, Hu attempted to certify for his weekly benefits from his laptop using his hotel's wireless internet connection. Above the submit button was a certification that stated that he was not filing the claim during any period while he was outside the United States. Hu clicked the button anyway and received another warning informing him that he was not eligible for benefits while outside the United States. After receiving that message, Hu proceeded to certify for benefits from his mobile phone using a Virtual Private Network ("VPN") which obscured the location of his internet access.

      Thereafter, during a hearing before an administrative law judge, Hu admitted that he certified for benefits while out of the country, but claimed that he believed the warning notice

did not apply to him because of the particular DOL program in which he was enrolled (after additional probing from the judge, Hu changed his testimony and offered other explanations).

The judge determined that the credible evidence at the hearing established that Hu had indeed circumvented the system and certified for unemployment insurance benefits while in Hong Kong after he received the warning message. Because Hu had "made a willful misrepresentation to obtain benefits," his benefits were suspended for 80 days. The judge also specifically observed that Hu's testimony during the proceedings was inconsistent and not credible, observing that "it strains reason to believe that the claimant did not know that the out of the country rule applied to him."

II.     Analysis

Federal Rule of Evidence 608(b) provides that "specific instances of a witness's conduct" may be inquired into on cross-examination "if they are probative of the character for truthfulness or untruthfulness of [] the witness." Fed. R. Evid. 608(b); *see United States v. Williams*, 605 F. App'x 45, 46 (2d Cir. 2015). The rule applies to non-defendant and defendant witnesses alike. Indeed, "[w]hen a defendant offers an innocent explanation [of his conduct] he 'opens the door' to questioning into the truth of his testimony, and the government is entitled to attack his credibility on cross-examination." *Williams*, 605 F. App'x at 46 (quoting *United States v. Payton*, 159 F.3d 49, 58 (2d Cir.1998)).

The Second Circuit has observed that, under Rule 608(b), it has upheld, among other things, cross-examination:

> into an attorney's disbarment, *see United States v. Weichert*, 783 F.2d 23, 25 (2d Cir.) *cert. denied*, 479 U.S. 831, 107 S.Ct. 117, 93 L.Ed.2d 64 (1986), into a witness's failure to disclose a prior arrest on his bar application, *see United States v. Schatzle*, 901 F.2d 252, 255–56 (2d Cir.1990), and into a prior finding by an Immigration Judge that the witness's testimony in a deportation proceeding was not credible, *see United States v. Bagaric*, 706 F.2d 42, 65 (2d Cir.), *cert. denied*, 464 U.S. 840, 104 S.Ct. 133, 78 L.Ed.2d 128 (1983); *see also United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir.1995) (upholding cross-examination into a defendant's alleged acts of fraud, bribery, and embezzlement).

*Hynes v. Coughlin*, 79 F.3d 285, 293–94 (2d Cir. 1996).

While remoteness of the conduct is relevant to a district court's admissibility determination, "[c]ourts have permitted the government to use older acts of misconduct for impeachment under rule 608(b)." *United States v. Jackson*, 882 F.2d 1444, 1448 (9th Cir. 1989); *see Weichert*, 783 F.2d at 25 (government could cross-examine the defendant about his disbarment twelve years prior).

The conduct here, which occurred approximately nine years ago, involves multiple acts of dishonesty that bear directly on Hu's truthfulness, including his willingness to lie to New York State to obtain public benefits and his willingness to lie in a legal proceeding in order to

2

evade responsibility for his misconduct. There can hardly be a scenario more squarely contemplated by the rule. *See Williams*, 605 F. App'x at 46; *Coughlin*, 79 F.3d at 293–94 (citing *Bagaric*, 706 F.2d at 65) (permitting cross-examination about prior finding by immigration judge that witness's testimony in separate proceeding was not credible). Moreover, the evidence easily passes a Rule 403 balancing test because the charged allegations against Hu in this case—which include, among other things, tax evasion, international money laundering, using another's identity to defraud a bank and keeping a ledger of bribes and kickbacks—are significantly more salacious than the proposed cross-examination material.

        For these reasons, the government respectfully requests that the Court permit cross-examination of the defendant, should he choose to testify at trial, about his misrepresentations to obtain unemployment benefits and his subsequent discredited testimony to the administrative law judge.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/   Andrew D. Reich
Alexander A. Solomon
Robert M. Pollack
Andrew D. Reich
Amanda Shami
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of the Court (by Email and ECF)
       Defense counsel (by Email and ECF)

Case 1:24-cr-00346-BMC   Document 231   Filed 10/29/25   Page 3 of 3 PageID #: 3533