# BRACEWELL

November 4, 2025

**By ECF**

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Linda Sun and Chris Hu*, No. 24-cr-346 (S-4) (BMC)

Dear Judge Cogan:

    Defendant Chris Hu respectfully submits this supplemental motion *in limine* to preclude the introduction at trial of an email that the government has marked as Government Exhibit 619 ("GX-619"). As set forth below, the email constitutes inadmissible hearsay and the rule upon which the government is expected to rely—that the email reflects statements by a co-conspirator in furtherance of a conspiracy—does not apply because, by the time the email was sent, any alleged conspiracy had ended.

**I.    Background**

    In its Fourth Superseding Indictment ("the Indictment"), the government charges Mr. Hu with several conspiracies, including conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349, and money laundering conspiracy in violation of 18 U.S.C. § 1956(h).

    GX-619 is an email purportedly sent by Henry Hua, identified as the president of Canstar International Enterprises Co., to Jay Young, at Signature Bank. Mr. Young appears on the government's exhibit list. Mr. Hua does not (presumably because he lives in China). In the email, dated July 11, 2022, Mr. Hua responds to Mr. Young's questions concerning funds that Canstar had previously remitted into a Signature Bank account in the name of Mei Ping Sun, which was opened in April 2020. The funds in question had been transferred into the Signature Bank account in July and August 2020, but the questions from Mr. Young were not posed until *two years later* in connection with an internal bank audit. Those questions, to which Mr. Hua responded in blue font, sought information about certain outgoing wires.

**II.    Analysis**

    The statements contained in GX-619 are hearsay and inadmissible unless permitted by an exception. We presume the government will rely on Rule 801, which excludes certain statements of a coconspirator from the definition of hearsay. *See* Fed. R. Evid. 801(d)(2)(E). "To admit a statement under the coconspirator exception to the hearsay definition, a district court must find two factors by a preponderance of the evidence: first, that a conspiracy existed that included the

BRACEWELL

defendant and the declarant; and second, that the statement was made during the course of and in furtherance of that conspiracy." *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999). As such, statements made *after* an alleged conspiracy has ended, been abandoned, succeeded, or failed are usually inadmissible through this exception. *See United States v. Lombardozzi,* No. 02-CR-273, 2003 WL 1956290, at *2 (S.D.N.Y. Apr. 24, 2003) (citing *Krulewitch v. United States,* 336 U.S. 440 (1949)) ("[A] statement is not made during the course of the conspiracy when it is made after the main objective of the conspiracy has been accomplished.").

Any alleged conspiracy between Mr. Hua and Mr. Hu had ended by the time that Mr. Hua sent his responses to Mr. Young's questions, and thus were not made "in furtherance of" any conspiracy. As to bank fraud, the government charges Mr. Hu with participating in a conspiracy that allegedly took place "in or about March 2020 and May 2022." (Dkt. 184 ¶ 150.) The email exchange reflected in the exhibit, however, does not take place until July 2022. Based on the government's own allegations and timeline of events, the alleged bank fraud conspiracy had already ended months earlier by the time that Mr. Hua made these statements to Mr. Young. Moreover, we are not aware of any evidence purporting to show that Mr. Hu knew of the email correspondence between Mr. Hua and Signature Bank, much less that he was involved in formulating Mr. Hua's response. As such, Mr. Hua's statements could not have been made in furtherance of a conspiracy with Mr. Hu.

While the Second Circuit has observed that "statements relating past events meet the in-furtherance test if they serve some current purpose in the conspiracy . . . ," *United States v. Garcia*, Nos. 24-923 (Lead), 24-1468 (Con), 2025 WL 1482438, at *1 (2d Cir. May 23, 2025), here the alleged conspiracy was already defunct. Thus, there is nothing in Mr. Hua's statements that could have furthered the alleged bank fraud conspiracy. Indeed, that alleged conspiracy terminated at the very latest in May 2022, once the remaining amount of money left the account—a date that preceded this exchange significantly. The defense is not aware of any other facts or evidence suggesting that the alleged conspiracy—which the government says ended as of May 2022—continued past that point. And even if Mr. Hua's statements were viewed as an attempt to avoid detection in connection with the prior conspiracy, such statements do not come within the Rule 801 exception. *See Krulewitch*, 336 U.S. at 443–44 (reversing conviction based on admission of statement "not made in furtherance of the alleged criminal . . . conspiracy charged," but supposedly in furtherance of "an implicit subsidiary phase of the conspiracy . . . which has concealment as its sole objective").

Likewise, should the government seek to introduce the email exchange to support the alleged money laundering conspiracy charged in Count Fourteen of the Indictment, that purported scheme also had ended by the time Mr. Hua's email was sent. Once the allegedly ill-gotten proceeds left the Signature Bank account and went to Golden Capital on May 16, 2022, the money laundering conspiracy came to an end and therefore could not have been furthered by any of Mr. Hua's statements.

# BRACEWELL

      As mentioned above, Mr. Hua lives in China and is not expected to testify at trial. There is no other hearsay exception that would permit the admission of his statements contained in GX-619. Accordingly, Mr. Hu respectfully requests that the Court preclude the email exchange identified by the government as GX-619.

      Respectfully submitted,

      /s/ *Nicole Boeckmann*

      Nicole Boeckmann

cc:    Counsel of record (via ECF)