```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
   UNITED STATES OF AMERICA,                       :
                                                   :
                           Plaintiff,              :
                                                   :
                 - against -                       :       ORDER
                                                   :
   LINDA SUN,                                      :       24-cr-346 (BMC)
         also known as "Wen Sun," "Ling Da         :
         Sun," and "Linda Hu," and                 :
   CHRIS HU,                                       :
                                                   :
                           Defendants.             :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

The Government has moved for reconsideration of various rulings on the parties' four motions *in limine.* A "district court's *in limine* ruling [is] subject to change . . . in the exercise of sound judicial discretion." See Luce v. United States, 469 U.S. 38, 41-42 (1984). For the reasons below, the Government's motion is granted in part and denied in part.

**1. U.S. Foreign Policy *vis-à-vis* Taiwan**

The Government does not seek reconsideration of the Court's ruling that evidence of Sun's purported conformity with federal foreign policy is relevant to her state of mind. However, it flags that none of the Government's witnesses are competent to testify about (1) U.S. foreign policy *vis-à-vis* Taiwan during the relevant period or (2) whether Sun's activities aligned with such policy.

The Government, citing Rule 602, seeks to preclude defendants from cross examining any of its witnesses on the subject. But that rule contemplates a witness's own testimony serving as a foundation to prove personal knowledge of other matters. See Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."). It would therefore

be premature to preclude testimony on a subject to which a witness's own testimony may open the door. Defendants can explore the Government's witnesses' knowledge to see if there is a foundation for the questions they want to ask, although defendants are reminded that the jury will have been instructed that questions are not evidence, and defendants should not attempt to introduce facts through questions.

**2. New York State Resolutions**

The Government seeks reconsideration of the Court's ruling as to evidence or argument about the New York State legislature's actions to improve bilateral relations with Taiwan. The Government contends that the legislature's actions are relevant because they tend to show that Sun's actions "were not simply dictated by federal or state policy that she was bound to follow" and instead show that "Sun was acting at the request of a foreign principal."

First, it is unclear how this evidence would tend to show that Sun was acting at the request of a foreign principal. A "request" in this context should "not be understood in its most precatory sense [because that] would sweep within the statute's scope many forms of conduct that Congress did not intend to regulate." Att'y Gen. v. Irish N. Aid Comm., 668 F.2d 159, 161 (2d Cir. 1982) ("[I]t is important to ascertain whether those requested to act were identified with specificity by the principal"). "Also relevant is the specificity of the action requested . . . . Once a foreign principal establishes a particular course of conduct to be followed, those who respond to its 'request' for complying action may properly be found to be agents under [FARA]." Id. Ostensibly, evidence that Sun was acting pursuant to a foreign principal's request would include evidence of that foreign principal's request. But nothing in the Government's submission describes a specific request by a foreign principal correlating to Sun's actions.

Second, the Government's broad reference to "state policy" again conflates the executive and legislative branches of the New York government. Sun's position has never been that there was a state-wide "uniform policy she was bound to follow." Rather, Sun has contended that that there was a policy or custom within the Executive Chamber on the non-recognition of Taiwan, which was based on the foreign policy of the U.S. executive branch (or that of the United Nations). Indeed, the Government's description of its own evidence seems to recognize this distinction, noting that in an email chain with both legislative and executive actors, "Sun directs others *in the Executive Chamber* to decline the invitation."

That said, the evidence described by the Government (GX-2182) is relevant because it tends to show Sun interfering with a meeting between Taiwan and the Executive Chamber. Assuming GX-2182 is otherwise admissible, the Government may introduce it and, for completeness, the resolution relating to that meeting. But the Government may not argue that the resolution itself, or any other similar document exclusive to the legislative branch, suggests that there was no policy or custom on the non-recognition of Taiwan in the Executive Chamber.

This is not to say the Government cannot make this argument at all. But pointing to legislative branch resolutions about Taiwan to do so risks confusing the jury.

### 3. Gifts and Benefits from the PRC

The Government seeks reconsideration of the Court's ruling as to evidence of gifts and benefits establishing the agency relationship. For the reasons stated in the Government's motion, this request is granted.

### 4. The Associate Company

The Government seeks reconsideration of the Court's ruling as to evidence of the Associate Company fraud. For the reasons stated in the Government's motion, this request is granted, and any remaining concerns about the introduction of uncharged conduct will be mitigated by jury instructions if defendants propose them.

### 5. CC-1

The Government proffered exhibits to show CC-1's status as an intermediary on behalf of the PRC. As a threshold matter, the Court finds that the Government's exhibits sufficiently do so, and the Government may offer evidence or argument that CC-1 was supervised or controlled by the PRC.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
      November 10, 2025