# BRACEWELL

November 12, 2025

**BY ECF**

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *United States v. Linda Sun and Chris Hu*, 24 CR-346 (S-4) (BMC)

Dear Judge Cogan:

We represent defendant Chris Hu and write on behalf of both defendants to respectfully submit this supplemental motion in limine. As set forth below, the government should be precluded from offering evidence of any payments from Chen Xiaoshi because those payments are not relevant and unfairly prejudicial under Fed. R. Evid. 402 and 403.

The government contends that "[i]n return for defendant Linda Sun's political activities on behalf of Henan Province, CC-1 and CC-2 rewarded her by aiding the defendant Chris Hu's PRC-based commercial activities." Dkt. 184 ¶ 78. According to the Indictment, these "PRC-based business activities generated millions of dollars in the PRC," which were used to purchase real estate and automobiles. See Dkt. 184 ¶ 108.

Purportedly in aid of substantiating these allegations, the government's proposed exhibits include a chart, labeled GX-901, summarizing $4,071,533.68 in payments from Mr. Hu's uncle, Chen Xiaoshi. (A copy of GX-901 is attached as Exhibit A to this letter, but will be filed under seal because it ultimately may not be introduced at trial.) According to the government's representations during the November 10, 2025 conference with the Court, this chart reflects "material assistance that's provided to [Mr. Hu's] PRC-based businesses in return for Ms. Sun's activities as an agent of foreign principals." Tr. of Proceedings dated November 10, 2025 at 28:20-29:7.

But there is no evidence that these payments are connected to any of the crimes charged in the indictment. Mr. Hu's uncle, Chen Xiaoshi, is not alleged to have any connection to the PRC government.

**Nicole Boeckmann**
Partner

T: +1.212.508.6103     F: 800.404.3970
31 W. 52nd Street, Suite 1900, New York, New York 10019-0019
nicole.boeckmann@bracewell.com     bracewell.com

# BRACEWELL

Hon. Brian M. Cogan
November 12, 2025
Page 2

There is no evidence that the PRC funneled any money or business to Mr. Xiaoshi. Nor is there any evidence that the payments from him constituted the fruits of any "material assistance" provided by the PRC, let alone in return for Ms. Sun's purported activities.

To the contrary, a significant portion of the money shown on GX-901 includes 18 transactions totaling $1,443,177.81 to Foodie Fisherman LLC, Mr. Hu's US-based seafood distribution company. There was nothing improper about this: Mr. Xiaoshi owns a major company in Guangzhou, China called Yitong Industrial & Trading Co., Ltd., located in the Guangdong Province, which, among other things, sells seafood there. Foodie Fisherman sold lobster to Yitong. Evidence produced by the government establishes this, and there is nothing to suggest that the lobster shipments to Yitong were the result of any assistance provided to Mr. Hu by the PRC in exchange for Ms. Sun's alleged activities or for some other reason. In fact, the government's witness list and reams of material produced pursuant to 18 U.S.C. § 3500 do not disclose a single witness who will substantiate the government's theory.

Indeed, it is nonsensical for the government to claim that the supposed "material assistance" provided in China to Mr. Hu was related to Mr. Xiaoshi's business. The alleged help to Mr. Hu in China supposedly includes efforts by CC-1, who is from *Henan Province*, to explore on Mr. Hu's behalf "the viability of importing frozen seafood from the United States *to Henan Province*"—specifically Zhengzhou. *See* Dkt. 184 ¶¶ 83, 79 (emphasis added). Similarly, the indictment alleges that CC-2, who maintained active business interests in Shandong Province, assisted Mr. Hu by helping him explore opportunities to import seafood to cities in *Shandong Province*, *id*. ¶ 85.

But Zhengzhou is 1500 kilometers from Guangzhou, where lobsters were shipped to Yitong. And Shandong is even further, 1800 kilometers away. By way of illustration, this is tantamount to the government claiming that Mr. Hu was part of an illegal scheme to make inroads into the local seafood market via a local politician in Saint Paul, Minnesota, but seeking to prove that scheme by pointing to sales to an established customer in New York City. There simply is no evidence that Foodie Fisherman ever shipped seafood or any other product to Zhengzhou and Shandong, where the PRC supposedly assisted non-existent business activities.

The government likewise has disclosed no evidence to establish that any of the other payments reflected in GX-901 are connected to the crimes alleged, including $2,279,573.62 which was part of an inheritance received by Mr. Hu. Again, nothing in the discovery or 3500 material, and no witness, substantiates the government's assertions.

In sum, the payments from Chen Xiaoshi reflected in GX-901 are inadmissible because they are irrelevant under Rule 402, and any probative value they could have is far outweighed by the danger of misleading the jury, confusion, waste of time, and unfair prejudice pursuant to Rule 403.

# BRACEWELL

Hon. Brian M. Cogan
November 12, 2025
Page 3

Respectfully submitted,

/s/ Nicole Boeckmann

Nicole Boeckmann


cc:     Counsel of Record (via ECF)