

**JARROD L. SCHAEFFER**
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

November 19, 2025

**By ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *United States v. Linda Sun, a/k/a "Wen Sun," "Ling Da Sun," and "Linda Hu," and Chris Hu*, S4 24 Cr. 346 (BMC) (TAM)

Your Honor:

      We represent Linda Sun in the above-referenced matter and, on behalf of both defendants, respectfully submit this letter concerning a government exhibit, GX-2014, previously entered into evidence during trial.

      As the Court is aware, on November 6, 2025, the government provided to the Court and the defense copies of its marked exhibits shortly before trial. On November 11, 2025, the government provided new versions of two exhibits—one of which was GX-2014—and explained that the original versions of the exhibits had since been clawed back by the New York State Executive Chamber (the "NYEC") and reproduced to the government with new redactions. The government does not appear to have objected to those redactions.

      The new version of GX-2014 contains various redactions to portions of an email chain that previously had been entirely unredacted.[1] At trial on November 13, 2025, the government offered into evidence—and the Court received—the new version of GX-2014 during the testimony of Jeffrey Lewis. (*See* Trial Tr. dated Nov. 13, 2025 ("11/13 Tr.") at 430:19–431:7.) During cross-examination of Lewis, the defense asked questions about GX-2014. (*See id.* at 470:22–472:10.) As the government and the defense use different systems for displaying exhibits, however, the defense inadvertently displayed the previously produced (and unredacted) version of GX-2014.[2]

---

[1]    Copies of the original unredacted exhibit and the subsequently redacted exhibit are attached hereto for the Court's convenience. Because of the privilege assertion by the NYEC, the unredacted version has been provisionally filed under seal and portions of this letter reflecting that material have been redacted.

[2]    The defense did not inquire about the ultimately redacted portions.

Following the testimony of Lewis, the government alerted the defense to the fact that the prior version of GX-2014 had been displayed.

The defense respectfully submits that there is no basis for the NYEC's belated redactions to GX-2014, and that the original unredacted version of GX-2014 must be admitted into evidence and made available to the jury. This is so for several reasons.[3]

*First*, in order "[t]o invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *United States v. Constr. Prods. Rsch., Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (internal citations omitted). The redactions to GX-2014 do not satisfy that test. As the Court can see by comparing the two versions of GX-2014, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Second*, the unprivileged information now redacted from GX-2014 is necessary to provide a complete and accurate picture to the jury. As an initial matter, this Court has already held that selective redactions similar to those reflected in the new version of GX-2014 "raise[] obvious problems under Rules 106 and 403, and the [g]overnment should have recognized this when it received these documents from the NYEC." (Dkt. 238 at 14.) Based on that observation, the Court previously ruled that "[i]f the [g]overnment cannot obtain unredacted versions of these materials, it will not be permitted to enter the redacted versions into evidence without first showing why the redacted version should not be excluded under Rules 106 or 403." (*Id.*) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Third*, redacting GX-2014 withdraws from the jury unprivileged evidence reflecting that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

For these reasons and those already articulated by the Court, admission of a redacted version of GX-2014 poses serious issues under Rules 106 and 403. Accordingly, the defense respectfully requests that the Court review the enclosed exhibits, rule that the attorney-client

---

[3]   The defense has raised this issue with the government, which did not indicate a position at that time and said it would need to confer with the NYEC.

privilege is not properly asserted by the NYEC with respect to the newly-redacted version of GX-2014, and direct that the version of GX-2014 in the record be unredacted.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Jarrod L. Schaeffer*

Jarrod L. Schaeffer

ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7339
jschaeffer@aellaw.com

cc:   Counsel of Record (via ECF)