# BRACEWELL

November 28, 2025

**BY ECF**

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Linda Sun and Chris Hu*, 24 CR-346 (S-4) (BMC)

Dear Judge Cogan:

We represent defendant Chris Hu and write on behalf of both defendants regarding defendants' request that a witness identified by the government as "Cousin" be permitted to testify via two-way video feed. As the Court has seen, the Cousin plays a significant role in the government's case-in-chief. As such, and given his unique circumstances, he should be permitted to provide exculpatory testimony by video.

"[T]he Court has the inherent authority to permit testimony by videophonic means, unless doing so would be contrary to federal law." *United States v. Akhavan*, 523 F. Supp. 3d 443, 452 (S.D.N.Y. 2021), *aff'd sub nom. United States v. Patterson*, No. 21-1678-CR, 2022 WL 17825627 (2d Cir. Dec. 21, 2022). In the Second Circuit, testimony via live video feed is allowed as a substitute for in-person testimony when

> (1) the witness's testimony is material; (2) the Government has made good-faith and reasonable efforts to obtain the witness's presence and is unable to do so (that is, that the witness is 'unavailable' within the meaning of the case law); and (3) allowing testimony by such means furthers the interests of justice.

*United States v. Mostafa*, 14 F. Supp. 3d 515, 521 (S.D.N.Y. 2014). Here, all three factors are satisfied.

First, the Cousin's testimony is undeniably material. Several of the charged offenses in the Indictment directly involve him and entities the government claims he controls. Counts Eight and Nine charge both defendants with conspiracy to commit honest services wire fraud and honest services wire fraud, respectively, regarding the procurement of contracts from the Cousin Company. *See* Dkt. 184 at ¶143. Counts Fifteen through Eighteen charge Mr. Hu with money laundering in connection with three different wire transfers from the Cousin Company to Mr. Hu in July and August 2020. *Id.* at ¶156. As such,

**Nicole Boeckmann**
Partner

T: +1.212.508.6103    F: 800.404.3970
31 W. 52nd Street, Suite 1900, New York, New York 10019-0019
nicole.boeckmann@bracewell.com    bracewell.com

AUSTIN   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   PARIS   SAN ANTONIO   SEATTLE   WASHINGTON, DC

# BRACEWELL

Hon. Brian M. Cogan
November 28, 2025
Page 2

the Cousin Company's testimony providing his firsthand knowledge of the relationships and events alleged throughout the Indictment—much of which is expected to directly contradict the government's allegations and theories—is critical to the defendants' case and the jury's understanding of the facts.

Second, the Cousin is unavailable to testify in person because the allegations made in the Indictment expose him to criminal liability. "Courts do assume a witness is unavailable where 'a witness justifiably fears being arrested in the United States.'" *United States v. Buck,* 271 F.Supp.3d 619, 623 (S.D.N.Y. 2017) (quoting *United States v. Pham*, No. 12–cr–423, 2015 WL 7871348, at *3 (S.D.N.Y. Dec. 4, 2015)). The government has made it clear that it views the Cousin as an unindicted co-conspirator, and has made no effort to make him available to testify either through a proffer of immunity or otherwise.

Third, allowing the Cousin's testimony furthers the interests of justice. Just as "[i]t is important that the Government be able to present the material and relevant evidence in its search for the truth," *Mostafa*, 14 F.Supp.3d at 524, it is similarly important that defendants are "entitled by the Constitution to a meaningful opportunity to present a complete defense, including the opportunity to call witnesses to aid in that defense." *Scrimo v. Lee*, 935 F.3d 103, 112 (2d Cir. 2019). While defendants appreciate that its ability to present their case and call witnesses is "not boundless," *Id.*, allowing the Cousin to provide testimony that will challenge the evidence already presented by the government is critical to ensuring the fairness of this trial.

Finally, defendants, working with the Cousin's counsel, Mr. Fodeman, will arrange the logistics of the video feed for the Cousin's testimony.

For these reasons, defendants respectfully request that the Court allow the Cousin to testify via live video feed. We appreciate the Court's consideration of this issue.


Respectfully submitted,

/s/ Nicole Boeckmann

Nicole Boeckmann


cc:   Counsel of Record (via ECF)