

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM:AAS/RMP/ADR/AS
F. #2021R00600

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 9, 2025

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Linda Sun, et al.
               Criminal Docket No. 24-346 (S-4) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter regarding the Court's proposed jury instructions. For the reasons below, the defendants have waived any challenge to venue and the Court should not give the jury a venue instruction.

I.    Background

      Following the close of the government's case in chief on Friday, the defendants moved for a judgement of acquittal pursuant to Federal Rule of Criminal Procedure 29 based upon a range of asserted issues. In addition to oral argument, the defendants referenced arguments made in a written submission earlier that day, *see* ECF No. 311, and subsequently submitted further arguments in a written submission over the weekend, *see* ECF No. 316.[1] The government opposed, and the Court denied the motion in its entirety. The defendants thereafter presented an affirmative case, which concluded this morning. The defendants did not challenge venue as to any count in the S-4 Indictment in their Rule 29 motion or thereafter (nor could they, as the evidence at trial overwhelmingly established venue in the Eastern District of New York as to each count and the defendants did not appear to dispute it at any point).

---

[1]    The government moved *in limine* to preclude the defendants from making certain improper arguments to the jury raised in the Friday letter, *see* ECF No. 312 at 3, and the Court stated that it would return to the issue sometime before the defendants' closing arguments. The government respectfully requests that the Court now consider that motion.

II.  Analysis

"Objections to venue are waived unless 'specifically articulated' in defense counsel's motion for acquittal." *See United States v. Hernandez*, No. 15-CR-379 (PKC), 2024 WL 2078264, at *6 (S.D.N.Y. May 9, 2024) (quoting *United States v. Potamitis*, 739 F.2d 784, 791 (2d Cir. 1984)); *see also United States v. Menendez*, 612 F.2d 51, 55 (2d Cir. 1979) ("[A] finding of waiver is proper . . . when, after the government has concluded its case, the defendant specifies grounds for acquittal but is silent as to venue.") (citations removed); *United States v. Acosta*, 595 F. Supp. 2d 282, 288 (S.D.N.Y. 2009) (citing cases). "A general motion for acquittal under Rule 29, Fed. R. Crim. P. at the close of the government's case and the close of the defendant's case is insufficient." *Hernandez*, 2024 WL 2078264, at *6.

Moreover, "[a] trial court need submit the issue of venue to the jury only when the question is 'squarely interposed' by the defense." *United States v. Sutton*, 13 F.3d 595, 598 (2d Cir. 1994). "[T]he instruction is not otherwise required, and is normally not given." S1 Modern Federal Jury Instructions-Criminal 3.09 (2025) (citing *United States v. Perez*, 280 F.3d 318, 327 (3d Cir. 2002)). Notably, "the fact that counsel requested a venue instruction[] is not enough to prevent waiver of the venue objection." *Potamitis*, 739 F.2d at 791.

Because the defendants moved for a judgment of acquittal pursuant to Rule 29 but declined to raise any challenge to venue, the issue has been waived and the jury should not receive a venue instruction. This will streamline summations as the parties will no longer need to present venue arguments as to each count to the jury.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/   Anrew D. Reich
Alexander A. Solomon
Robert M. Pollack
Andrew D. Reich
Amanda Shami
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of the Court (by Email and ECF)
      Defense counsel (by Email and ECF)

2