

**JARROD L. SCHAEFFER**
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

December 18, 2025

**By ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Linda Sun, a/k/a "Wen Sun," "Ling Da Sun," and "Linda Hu," and Chris Hu*, S4 24 Cr. 346 (BMC) (TAM)

Your Honor:

      We represent Linda Sun in the above-referenced matter and, on behalf of both defendants, respectfully submit this letter concerning supplemental charge information to be provided to the jury.

      The defense has conferred with the government and, while the parties largely agree on the substance of the information to be provided, they differ somewhat on the form of providing such information. In response to the jurors' request for certain language of the superseding indictment pertaining to Count Fourteen, the defense proposes that the Court provide the following:

      Count Fourteen alleges that:

      In or about and between January 2016 and August 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, to a place in the United States from and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal or disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit: the Foreign Agents Registration Act, in violation of Title 22, United States Code, Section 612 . . . and Bribe Receiving in the Third Degree, in violation of New York Penal Law, Section 200.10 . . . .

This language quotes directly from the indictment, makes only those changes necessary to remove a theory abandoned by the government, and mirrors the indictment excerpts included for other courts.

The defense opposes any variations from the excerpts already included in the instructions in connection with other counts, because inserting information beyond the bare language of the indictment risks prejudicing the defendants. Moreover, inserting altered excerpts at this late stage further risks creating juror confusion or unduly emphasizing the supplemental instruction. And at the government's request, the Court has already instructed the jury that "and" and "or" may be interchangeable terms in an indictment, so there is unlikely to be any juror confusion on that point.

Accordingly, the defense respectfully requests that the Court provide the above information to the jury in response to its inquiry.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Jarrod L. Schaeffer*

Jarrod L. Schaeffer

ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7339
jschaeffer@aellaw.com

cc:    Counsel of Record (via ECF)