BRACEWELL

September 3, 2026

**BY ECF**

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Linda Sun and Chris Hu*, 24 CR 346 (S-5) (BMC)

Your Honor:

We represent Chris Hu in the above-referenced matter, which currently is scheduled for retrial on January 18, 2027. Throughout the course of this year, we have worked tirelessly and diligently to reach an agreed resolution with the government. Despite our best efforts, we have been unable to do so and have now reached an impasse. As we set forth in our letter to the Court after the conclusion of the first trial in January 2026, (Dkt. 330), we anticipated the possibility that we would need to withdraw. Through our efforts to reach a resolution we have sustained significant additional financial burdens during our representation. Due to these burdens, we now seek to withdraw in advance of the retrial to give new counsel sufficient time to become familiar with the case. Moreover, the government's recent superseding indictment would place additional demands on us. (Dkt. 351). Mr. Hu is scheduled to be arraigned on the new indictment on September 10, 2026. He simply does not have sufficient funds to afford to continue our engagement. Accordingly, we respectfully request to withdraw and for Mr. Hu to be assigned new counsel in connection with the arraignment and going forward. We will appear at the arraignment to facilitate a smooth transition to new counsel.

Local Civil Rule 1.4, incorporated by Local Criminal Rule 1.2, provides that, "an attorney who has appeared for a party may be relieved or displaced only by order of the court," and that "an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal." Local Civil Rule 1.4. It is "well-settled" that a district court has significant discretion when deciding a motion for withdrawal of counsel. *See Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333 MEA, 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014). In considering a motion for withdrawal, courts look to "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Id*. (internal citations omitted). "Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd*., 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (citing *HCC, Inc. v. R H*

BRACEWELL



*& M Machine Co*., No. 96–cv–4920, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) (Leisure, J.) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw.")).

For the reasons stated above, and after careful consideration and conversation with Mr. Hu, we respectfully request to withdraw as counsel and that Mr. Hu be appointed new counsel at or before his arraignment on September 10th. Mr. Hu consents to this request.

Respectfully submitted,

/s/ Seth D. DuCharme

Seth D. DuCharme

cc: Counsel of Record (via ECF)